UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,                    CV-06-4818

                                  Plaintiff,       **PROOF OF CLAIM OF**
                                                **MARYHAVEN CENTER**
       -against-       **OF HOPE, INC.**

LAWRENCE AVIATION INDUSTRIES, INC.,
GERALD COHEN, and ONE HUNDRED
TWENTY-FIVE ACRES OF LAND, MORE
OR LESS, LOCATED CONTIGUOUSLY OFF           (Bianco, J.)
SHEEP PASTURE ROAD, PORT JEFFERSON
STATION, NEW YORK,                          (Orenstein, M.J.)
                                   Defendants.
------------------------------------------------------------X

STATE OF NEW YORK  )
                         ) ss.:
COUNTY OF SUFFOLK  )

       **Lewis Grossman**, being duly sworn, deposes and says as follows:

       1.    I am the Chief Executive Officer of Maryhaven Center of Hope, Inc. ("Maryhaven") and have personal knowledge of the facts hereinafter stated and submit this proof of claim pursuant to Rule C(6)(a)(i) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

       2.    On or about September 24, 2003, in an action entitled: *"Maryhaven Center of Hope, Inc. v. Lawrence Aviation Industries, Inc."*, Supreme Court of the State of New York, County of Suffolk (Werner, J.), Index Number 03-09956, a judgment in the amount of six million, eight hundred seventy-nine thousand, seven hundred thirty-eight and 82/100 ($6,879,738.82) dollars was entered in the Suffolk County Clerk's office in favor of Maryhaven Center of Hope, Inc. against Lawrence Aviation Industries, Inc. ("Lawrence Aviation Judgment"). See Exhibit "A".

       3.    No part of the Lawrence Aviation Judgment has been paid.

4. Maryhaven Center of Hope, Inc. has been and continues to be the holder and/or owner of the Lawrence Aviation Judgment.

5. Maryhaven Center of Hope, Inc. has not assigned, sold or otherwise disposed of the Lawrence Aviation Judgment.

6. By virtue of the Lawrence Aviation Judgment, Maryhaven Center of Hope, Inc. is a judgment lien creditor of defendant Lawrence Aviation Industries, Inc.

7. Upon information and belief, Maryhaven Center of Hope, Inc.'s interests as a judgment lien creditor of defendant Lawrence Aviation Industries, Inc. were perfected under applicable New York State law before notice of the lien claimed by the United States of America in this action was filed.

8. By virtue of the foregoing, the lien claimed by plaintiff in this action against the property of Lawrence Aviation Industries, Inc. described in the complaint is subject to the rights and interests of Maryhaven Center of Hope, Inc. in and to said property.

9. On or about March 8, 2000, in an action entitled: *"The People of the State of New York v. Gerald Cohen and the Lawrence Foundation,"* Supreme Court of the State of New York, County of Suffolk, Index Number 2000-5732, a judgment in the amount of two million, nine hundred seventy-eight thousand, four hundred eighty-one and 00/100 ($2,978,481.00) dollars was entered in the Suffolk County Clerk's office in favor of The People of the State of New York against Gerald Cohen, residing at 18 Bridle Path, Nissequogue, New York ("Cohen Judgment"). See Exhibit "B".

10. By written assignment of judgment The People of the State of New York assigned the Cohen Judgment to St. Charles Corporation, Maryhaven Center of Hope, Inc. and North Shore Jewish Center. Upon information and belief, the Assignment of the Cohen judgment was filed with the Suffolk County Clerk on or about July 20, 2000. A copy of the Assignment is annexed as Exhibit "C".

11. No part of the Cohen Judgment has been paid.

12. Maryhaven Center of Hope, Inc. has been and continues to be a holder and/or owner of the Cohen Judgment.

13. Maryhaven Center of Hope, Inc. has not assigned, sold or otherwise disposed of the Cohen Judgment.

14. By virtue of the Cohen Judgment, Maryhaven Center of Hope, Inc. is a judgment lien creditor of defendant Gerald Cohen.

15. Upon information and belief, the interests of Maryhaven Center of Hope, Inc. as judgment lien creditor of defendant Gerald Cohen were perfected under applicable New York State Law before notice of the lien claimed by United States of America in this action.

16. By virtue of the foregoing, the lien claimed by plaintiff in this action against the property of Gerald Cohen described in the complaint is subject to the rights and interests of Maryhaven Center of Hope, Inc. in and to said property.

17. Maryhaven Center of Hope, Inc. is an innocent lien holder with respect to the property owned by defendant Lawrence Aviation Industries, Inc.

18. Maryhaven Center of Hope, Inc. is an innocent lien holder with respect to the property owned by Gerald Cohen.

_____
Lewis Grossman

Sworn to before me this
28th day of November, 2006.

_____
Notary Public

To: Roslynn R. Mauskopf
United States Attorney
Eastern District of New York
Attorneys for Plaintiff
610 Federal Plaza, 5th Floor
Central Islip, New York 11722
Attn: Denise McGinn, Esq.
(631) 715-7871

MARY J. VALENTI
Notary Public, State of New York
No. 4883515, Suffolk County
Commission Expires, February 9, 20 0 7