UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

- against -

LAWRENCE AVIATION INDUSTRIES, INC., GERALD COHEN AND ONE HUNDRED TWENTY- FIVE ACRES OF LAND, MORE OR LESS, LOCATED CONTIGUOUSLY OFF SHEEP PASTURE ROAD, PORT JEFFERSON STATION, NEW YORK,

                Defendants.
------------------------------------------------------------------------x

**AFFIDAVIT OF CHARLOTTE BIBLOW IN SUPPORT OF APPLICATION FOR ORDER TO SHOW CAUSE**

CV-06-4818 (JFB)(ARL)

STATE OF NEW YORK   )
                               )ss.:
COUNTY OF NASSAU   )

      Charlotte A. Biblow, being duly sworn, deposes and states the following under penalty of perjury:

      1.    I am a member of the law firm of Farrell Fritz, P.C., ("Farrell Fritz"), the attorneys for Claimants Global Home Group LLC ("Global Home") and JPEC Land Development LLC ("JPEC") in this action. I am fully familiar with the facts and circumstances from my representation of Global Home and JPEC in this matter and from my review of pertinent documents.

      2.    I submit this affidavit in support of an application pursuant to Rule 6(c)(1)(C) of the Federal Rule of Civil Procedure and Rule 1.4 of the Local Civil Rules for the United States District Court for the Eastern District of New York, for an order directing Global Home and JPEC to show cause why an order should not issue:

          a.    allowing Farrell Fritz to withdraw from representing Claimants Global Home and JPEC in this action; and

1

        b.      awarding Farrell Fritz such other and further relief as the Court deems just and proper.

3.      This matter involves contaminated property known as the Lawrence Aviation Site (the "Site"). Global and JPEC are not a plaintiff or a defendant in the litigation. Rather, as the contract vendees of the Site, they submitted a Claim in the litigation and are Claimants.

4.      For the past seven months, there has been a complete breakdown in communication between Farrell Fritz and Global Home and JPEC. As a result, the attorney-client relationship between the parties has also deteriorated. Moreover, Global Home and JPEC have failed to pay any of the legal fees incurred in the past two and a half years, and are unable or unwilling to comply with their numerous promises and agreements for payment.

5.      While Farrell Fritz is not at liberty to disclose the particular issues and conflicts, clients Global Home and JPEC have failed to respond to substantive questions necessary to advance their interests in this matter. Global Home and JPEC have failed to cooperate in Farrell Fritz's representation of them in the ongoing mediation process amongst all interested parties, and failed to respond to correspondence sent to them by Farrell Fritz regarding the litigation, despite numerous attempts by Farrell Fritz to contact Global Home and JPEC through various avenues and methods.

6.      In addition, Global Home and JPEC have failed to pay Farrell Fritz the fees incurred for Farrell Fritz's legal services for the past two and a half years.

**A.**      **Irreconcilable Conflict Between Farrell Fritz and Global Home and JPEC**

7.      Courts generally perform a two-step analysis in determining whether to permit counsel to withdraw from representing a party in pending litigation. First, courts must look to the Rules of Professional Conduct or other applicable rules of ethical conduct for attorneys for

guidance on whether an attorney has established good cause for granting leave to withdraw. *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999). Second, the court must analyze the anticipated impact of the requested withdrawal on the progress of the case, and whether the suit will be disrupted by a withdrawal. *Id.*

8. As noted above, Global Home and JPEC's refusal to communicate with or respond to Farrell Fritz regarding substantive issues in this case has adversely impacted on Farrell Fritz's ability to effectively represent them and has forced Farrell Fritz to be unable to respond to inquiries by the mediator.

9. The lack of information disseminated from Global Home and JPEC to Farrell Fritz and the complete breakdown in communications demonstrates that Global Home and JPEC have undermined Farrell Fritz's ability to effectively represent them and has otherwise rendered the representation unreasonably difficult for Farrell Fritz to continue to effectively carry out its employment.

10. In a letter sent to Global Home and JPEC on or around July 19, 2010, prior to the first mediation session, I discussed their continuing failure to communicate with me and indicated their lack of cooperation may cause Farrell Fritz to seek an order from this Court relieving Farrell Fritz as counsel. Although Global Home and JPEC attended that first mediation session, Farrell Fritz has been unable to respond to follow-up inquiries by the mediator regarding off-sets from the purchase price permitted by the contracts and other pertinent data because of Global Home and JPEC's continuing course of ignoring these questions from Farrell Fritz. On November 22, 2010, I sent the clients a draft revised mediation statement seeking approval to release it to the mediator and to all parties. Despite several follow-up phone calls and emails to the clients, I was not contacted by them about this draft revised statement and as a consequence,

3

have been unable to provide it to the mediator and the other parties. Finally, on January 5, 2011, I wrote to the clients and reminded them of the outstanding fees and requested they contact us by January 14, 2011 to discuss the matter and further advised if they did not, we would seek leave to withdraw. They failed to respond to this letter.

11. Under the Rules of Professional Conduct, a lawyer may withdraw from representing a client where, among other reasons, "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." Rule 1.16(c)(7) of the Rules of Professional Conduct [22 N.Y.C.R.R. § 1.16(c)(7)].

12. It has been recognized that the inability of an attorney to effectively communicate with his or her client which compromises the attorney's ability to represent the client constitutes "irreconcilable differences". *See e.g., Hancock v. County of Suffolk*, 2007 WL 4180805, *1 (E.D.N.Y. Nov. 20, 2007) (counsel's withdrawal due to "irreconcilable differences" consisted of the client's termination of all communication with counsel which severely impaired counsel's ability to comply with discovery demands and otherwise consult and assist in the litigation process); *Nielsen v. New York City Dep't of Ed.*, 2007 WL 1987792, *2 (E.D.N.Y. June 5, 2007) (granting withdrawal was appropriate where attorney stated that "he could 'no longer effectively communicate with [his client]'"); *see also, U.S. v. Up To $6,100,000 On Deposit In Account No. 15.5876 At Bank Julius Baer Co. Ltd (Guernsey Branch)*, 2009 WL 1809992, * 5 (S.D.N.Y. June 24, 2009) (explaining that irreconcilable differences may be shown when a party refuses to communicate with counsel); *Fischer v. Biman Bangladesh Airlines*, 1997 WL 411446, No. 96 Civ. 3120 (S.D.N.Y., July 18, 1997) ("The courts also have ruled that lack of cooperation by a

client with its counsel, *including lack of communication*, is a sufficient reason for allowing withdrawal")(emphasis added).

13. It is well settled that "the existence of an irreconcilable conflict between attorney and client" constitutes cause for permitting counsel to withdraw from representation of a party to litigation in federal courts. *See, e.g., Hallmark Capital Corp. v. Red Rose Collection, Inc.*, No. 96 Civ. 2839, 1997 WL 661146, at *2 (S.D.N.Y. Oct. 21, 1997) (permitting withdrawal on the basis of "irreconcilable differences" between plaintiff and his attorney which created a serious breakdown in the relationship and emphasizing that it is not necessary for the Court to decide who or what caused the irreconcilable differences).

14. As Judge Leval stated in an analogous situation:

> Because of the attorney-client privilege, the Court is not privy to the specifics of the conflict between Beigel & Sandler and Wassel. Nevertheless, it is clear that the existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client. *See Haggiag ex rel. Rose Hill Property Assoc., Inc. v. Brown*, 728 F.Supp. 286, at 288 (S.D.N.Y. 1990) (Leisure, J.) (granting leave to withdraw based on irreconcilable conflict between attorney and client); *Sansiviero v. Sanders*, 117 A.D.2d 794, 499 N.Y.S.2d 431, 431 (2d Dept.), *appeal dismissed*, 68 N.Y.2d 805, 506 N.Y.S.2d 868, 498 N.E.2d 432 (1986) (granting motion to withdraw "[i]n light of the irreconcilable differences between the ... attorney [and] his client, with respect to the proper course to be pursued by counsel in the litigation"); N.Y. Code of Professional Responsibility DR 2-110(C)(1)(d) [the corollary to new Rule 1.16(c)(7)] (authorizing permissive withdrawal when client "renders it unreasonably difficult for the lawyer to carry out employment effectively").

*Generale Bank, New York Branch v. Wassel*, No. 91 CIV. 1768 (PKL), 1992 WL 42168, at *1 (S.D.N.Y. Feb. 24, 1992).

15. Due to the irreconcilable conflicts which have been created by Global Homes and JPEC's refusal to communicate with Farrell Fritz regarding substantive matters affecting their

5

case, Farrell Fritz no longer can effectively represent Global Homes and JPEC in this matter. Despite Farrell Fritz's numerous attempts to contact Global Homes and JPEC, they have ignored Farrell Fritz and continue along a path which makes it unreasonably difficult, if not impossible, for Farrell Fritz to remain as their attorneys in this action. Furthermore, the status of the case will not be inhibited, nor will the suit be disrupted if Farrell Fritz withdraws its representation from these two nonparty claimants.

### B. Non-Payment of Counsel Fees

16. Additionally, under the New York Rules of Professional Conduct, a lawyer may withdraw from representing a client where, among other reasons, the client "[d]eliberately disregards an agreement or obligation to the lawyer as to expenses or fees." Rule 1.16(c)(5) of the Rules of Professional Conduct. "It is well settled that non-payment of fees is a valid basis for the Court to grant counsel's motion to withdraw. . .." *Fischer v. Biman Bangladesh Airlines*, 1997 WL 411446 (S.D.N.Y., July 18, 1997) (citing cases). A client "deliberately disregards" a fee agreement for the purposes of the Rules of Professional Conduct "whenever the failure is conscious rather than inadvertent, and is not de minimis in either amount or duration." N.Y. State Formal Op. 598 (1989) (decided under the former Disciplinary Rules of the Code of Professional Responsibility). Deliberate disregard of a fee agreement includes a client's knowing non-payment of fees arising from an inability to pay. *Id.*

17. On or about December 1, 2006, Global Homes and JPEC, as evidenced by a written agreement, retained Farrell Fritz to represent them and their claims in the instant lawsuit. Claimants Global Homes and JPEC agreed to compensate Farrell Fritz for the time spent at agreed upon hourly rates, which Global Homes and JPEC agreed to pay upon receipt of periodic,

detailed invoices. Global Homes and JPEC also agreed to reimburse Farrell Fritz for disbursements made on their behalf.

18. From the outset, Global Homes and JPEC were slow in paying or outright delinquent in meeting their obligation to Farrell Fritz. As the amount owed grew to an unacceptable level, Farrell Fritz pressed Global Homes and JPEC for payment to reduce the outstanding amount owed, but little or no payments were made. Significantly, Global Homes and JPEC never objected to any of the bills which were rendered, nor were they ever critical of the quality and quantum of legal services rendered by Farrell Fritz.

19. In July 2008, Farrell Fritz raised the issue about the large outstanding balance with the clients. Global Homes and JPEC agreed they would make payments to decrease the balance owed to Farrell Fritz but only made one small payment in the amount of $2,500.00 on July 28, 2008. Global Homes and JPEC failed to make any additional payments to Farrell Fritz since July 28, 2008.

20. To date, Global Homes and JPEC have only paid 38% of the total amounts of legal fees and disbursements billed in this matter.

21. As noted above, on January 5, 2011, Farrell Fritz again contacted Global Homes and JPEC about the significant outstanding balance and demanded that Global Homes and JPEC make a substantial or suitable payment to Farrell Fritz to continue to represent them in this action. Farrell Fritz reminded Global Homes and JPEC that no payment had been made in the past two and a half years. Farrell Fritz then strongly stated that if it did not hear back from its clients by January 14, 2011, Farrell Fritz would be forced to discontinue working on the matter and seek leave of Court to withdraw as counsel.

22. Global Homes and JPEC did not respond to Farrell Fritz's January 5, 2011, nor did they make made any payment of their outstanding balance for the legal services rendered.

23. Accordingly, Farrell Fritz respectfully requests that this Court grant this Order To Show Cause and allow Farrell Fritz to withdraw as counsel for Global Home and JPEC.

24. This application is made by order to show cause.

25. No prior application for the relief sought on this application has been made.

26. Earlier today, Farrell Fritz informed Global Homes and JPEC of Farrell Fritz's intention to move to withdraw from representation of Global Homes and JPEC by transmitting a copy to Global Homes and JPEC, via email and Federal Express, to Eugene Fernandez, Managing Member of both Global Home and JPEC.

**WHEREFORE**, Farrell Fritz, P.C. respectfully requests that this Court grant this Order To Show Cause and allow Farrell Fritz, P.C. to withdraw as Counsel for Claimants Global Home Group LLC and JPEC Land Development LLC, together with whatever further relief the Court deems just and proper.

_Charlotte Biblow_
Charlotte A. Biblow

Sworn to before me
this 25th day of January, 2011.

_Theresa McNeil_
Notary Public

THERESA A. McNEIL
Notary Public, State of New York
No. 01MC5051250
Qualified in Nassau County
Commission Expires October 30, 20 13

Interwoven\1685218.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff,

- against -

LAWRENCE AVIATION INDUSTRIES, INC.,
GERALD COHEN AND ONE HUNDRED
TWENTY- FIVE ACRES OF LAND, MORE OR
LESS, LOCATED CONTIGUOUSLY OFF SHEEP
PASTURE ROAD, PORT JEFFERSON STATION,
NEW YORK,

                Defendants.

----------------------------------------------------------X

Index No. CV-06-4818(JFB)(ARL)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                                 ) ss.:
COUNTY NASSAU         )

      I, Yvonne Pescitelli, being duly sworn, say: I am not a party to the action, am over 18 years of age and reside in Suffolk County, New York.

      On January 25, 2011, I served the within the **Order to Show Cause and Affidavit of Charlotte Biblow in Support of Application for Order to Show Cause,** via email and by depositing a true copy thereof, enclosed in a wrapper in the custody of Federal Express for overnight delivery, prior to the latest time designated by that service for overnight delivery, addressed to each of the following person(s) at the last known address set forth after each name:

Eugene Fernadez
Managing Member
Global Home Group, LLC
235 Brooksite Drive
Hauppauge, NY 11788

Globalhomegroup@optonline.net and
eugene@bluegreenfarms.com

                                                          _/s/ Yvonne Pescitelli_
                                                               Yvonne Pescitelli

Sworn to before me this
25th day of January, 2011.

_/s/ Theresa McNeil_
Notary Public

THERESA A. McNEIL
Notary Public, State of New York
No. 01MC5051250
Qualified in Nassau County
Commission Expires October 30, 20 13

Interwoven\1688695.1