UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
UNITED STATES OF AMERICA,

                            Plaintiff,                   **ORDER**
                                                                            CV 06-4818 (JFB)(ARL)

      -against-

LAWRENCE AVIATION INDUSTRIES, et al.,

                            Defendants.
---------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

Before the court is the motion of the law firm of Farrell Fritz, P.C. ("Farrell Fritz" of the "Firm"), counsel for the claimants Global Home Group LLC and JPEC Land Development LLC, (collectively "claimants"), for leave to withdraw as attorney of record for claimants in this matter pursuant to Local Civil Rule 1.4 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York. Plaintiff takes no position on this motion. Defendants have not made a response in opposition to this motion.

    Rule 1.4 provides that:

    An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by the order. Such an order may be granted only upon a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

*See* Local Civil Rule 1.4 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York.

    It is well-settled that a lawyer may seek to withdraw when the client "renders it unreasonably difficult for the lawyer to carry out [such] employment effectively." *Stephen Eldridge Realty Corp. v. Green*, 174 A.D.2d 564, 566, 570 N.Y.S.2d 677, 678 (2d Dep't 1991); *see Bok v. Werner*, 780 N.Y.S.2d 332, 9 A.D.3d 318 (1st Dep't 2004); *Johns-Manville Sales*

*Corp. v. State Univ. Constr. Fund*, 79 A.D.2d 782, 434 N.Y.S.2d 830 (3d Dep't 1980); 22 NYCRR § 1200.15 (1995). Moreover, where a client's relationship with its attorney has deteriorated to such an extent that continued representation would be inappropriate and the client does not oppose a motion for withdrawal, the motion should be granted. *See Lake v. M.P.C. Trucking Inc.*, 718 N.Y.S.2d 903, 279 A.D.2d 813 (3d Dep't 2001) ("Good and sufficient cause has been found to exist when there are irreconcilable differences between the attorney and the client with respect to the proper course to be pursued in the litigation"); *Kraus v. Botti*, 699 N.Y.S.2d 189, 190 (3d Dep't 1999)*; Ashkar v. International Business Machines Corp.*, 201 A.D.2d 765, 766, 601 N.Y.S.2d 488, 489 (3d Dep't 1994); *see also Valente v. Seiden*, 244 A.D.2d 799, 666 N.Y.S.2d 517 (3d Dep't 1997) (client's unwillingness to communicate with her attorney makes it "unreasonably difficult, if not impossible, for [the attorney] to carry out [her] employment effectively"). Indeed, "the existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client." *Casper v. Lew Lieberbaum & Co.*, 1999 WL 335334, at *4 (S.D.N.Y. 1999).

Likewise, it is settled that the "non-payment of counsel fees alone will not entitle an attorney to withdraw." *Kiernan v. Kiernan*, 233 A.D.2d 867, 868, 649 N.Y.S.2d 612, 613 (4th Dep't 1996); *see Kay v. Kay*, 245 A.D.2d 549, 549, 666 N.Y.S.2d 728, 729 (2d Dep't 1997); *Kelly v. Rancich*, 221 A.D.2d 855, 856, 633 N.Y.S.2d 872, 873 (3d Dep't 1995); *Matter of Busby*, 207 A.D.2d 886, 887, 616 N.Y.S.2d 755, 756 (2d Dep't 1994). However, when such fact is combined with the client's failure to cooperate or where the client has rendered it unreasonably difficult for the firm to carry out its responsibilities, then the motion should be granted. *Id.; see Kraus v. Botti*, 699 N.Y.S.2d 189, 190 (3d Dep't 1999)*; Ashkar v. International Business Machines Corp.*, 201 A.D.2d 765, 766, 601 N.Y.S.2d 488, 489 (3d Dep't 1994); *see also Valente*

*v. Seiden*, 244 A.D.2d 799, 666 N.Y.S.2d 517 (3d Dep't 1997) (client's unwillingness to communicate with her attorney makes it "unreasonably difficult, if not impossible, for [the attorney] to carry out [her] employment effectively").

Inasmuch as (i) Ms. Biblow's motion papers clearly reflect that claimants' conduct has rendered it unreasonable for Farrell Fritz to execute its employment effectively in accordance with the rules of professional conduct, including irreconcilable differences between counsel and client concerning defendant's failure to cooperate and communicate with counsel in this matter (i.e., claimants' refusal to cooperate in the ongoing mediation process and failure to respond to correspondence regarding the litigation); (ii) claimants' failure to pay legal fees and disbursements for the past two and a half years, and (iii) there has been no opposition to the Firm's application to withdraw as attorney of record, this Court grants the Firm's motion.

Accordingly the action herein is stayed for thirty (30) days to permit the claimants to secure other counsel. Claimants, as corporations, must appear by counsel or will be considered to be in default. *See Rowland v. California Men's Coloney*, 506 U.S. 194, 202-03 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel): *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007); *Cahn v. Jang,* 1996 WL 506876, at *1 (E.D.N.Y. Aug. 28, 1996).

Outgoing counsel is, directed to serve a copy of this Order upon claimants, defendants and plaintiff counsel and file proof of such service by February 25, 2011.

Dated: Central Islip, New York        **SO ORDERED:**
       February 11, 2011

                                                  _____/s/_____
                                                  ARLENE ROSARIO LINDSAY
                                                  United States Magistrate Judge